477 A.2d 550

**J.B. VAN SCIVER COMPANY**

**v.**

**Clifford SMITH a/k/a Clifford S. Jeffries and Gail Jeffries, His Wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1984.

Filed June 22, 1984.

488

Hugh C. Clark, Philadelphia, for appellants.

David I. Grunfeld, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Philadelphia County and involves defendants'-appellants' appeal from an order of the court below which refused to set aside a Sheriff's Sale of appellants' property.

On January 13, 1981 appellee sued appellants in assumpsit for failure to pay for furniture purchased from appellee, pursuant to an Installment Sales Security Agreement. Appellants failed to defend the action and on February 20, 1981, appellee entered a judgment by default against them in the amount of $2168.61. Damages were assessed against appellants by the Prothonotary bringing the total amount due to $3925.18, which included interest calculated from June 19, 1975.

Appellee then caused a Writ of Execution to be issued and a Sheriff's Sale of appellants' real estate was set for September 8, 1981. Appellee notified appellants of the sale after which appellants called appellee's attorneys to make arrangements to pay the debt and avert the Sheriff's Sale. Based upon the telephone call appellee's attorneys postponed the sale until October 5, 1981. On September 16, 1981 appellants paid $500.00 to appellee's attorney at the attorney's office. At this time the attorney advised appellants that the sale scheduled for September 8, 1981 had been postponed until October 5, 1981 by which time they had to make payment in full of the amount owed. On September 16, 1981 and again on September 28, 1981 appellee's attorney wrote to appellants advising them of the balance due and of the fact that the sale had been rescheduled until 2:00 P.M. on October 5, 1981. The sale took place on that date wherein the real estate was sold for $6300.

On October 10, 1981 appellee's attorney returned from lunch to find that appellants had brought the sum of $200.00 to his office. He then wrote again to appellants advising them of the fact that the sale had taken place.

On October 27, 1981 appellants filed a Petition to Set Aside the Sheriff's Sale. On May 20, 1982 the court below denied the petition. Appellants then took the instant appeal. During the proceedings before the court below the court ordered that depositions be taken. Appellants' attorney deposed appellee's counsel and that deposition was submitted to the court below. Appellants failed to arrive on time for their deposition and the testimony was concluded before their testimony could be taken.

Appellants argue that the Sheriff's Sale was invalid because they did not receive notice of the date of the sale after it was postponed from September 8, 1981 until October 5, 1981. Where there is a postponement of a Sheriff's Sale at the direction of the plaintiff, to a date certain within 45 days of the postponed sale, then no new notice to the defendant is required. *Pa. Rule Civil Procedure 3129(d)*. The postponement in the instant case was to a date certain within 45 days of the postponed sale. Furthermore appellants were advised by appellee's counsel on September 16, 1984 while in his office, of the date and time of the postponed sale. He also wrote to them on September 16, 1981 and September 28, 1981 advising them of the date and time of the sale. A petition to set aside a Sheriff's Sale is addressed to the discretion of the court and its decision will be reversed only upon a showing that it abused such discretion. *Marine Bank v. Huhta*, 279 Pa.Superior Ct. 130, 420 A.2d 1066 (1980). We find no abuse of discretion here as all of the procedural rules governing Sheriff's Sales were followed by the appellee.

Appellants also argue that the sale should be set aside because the sales price was grossly inadequate. Appellants' real estate was assessed for tax purposes at $8700. They now argue that their property was worth three times that amount. However, they produced no evidence before the court below to sustain that claim. We will not assume, as appellants ask us to do, that the property was worth any specific amount based upon its assessed value. See *Keebler Co. v. The Board of Revision of Taxes of Philadelphia*, 496

Pa. 140, 436 A.2d 583 (1981). Moreover, mere inadequacy of price is not sufficient to set aside a Sheriff sale of real estate. *Fidelity Bank v. Pierson, et ux.*, 437 Pa. 541, 264 A.2d 682 (1970). While gross inadequacy of price may be grounds to set aside such a sale, if equity compels such a result, we cannot set aside a sale for that reason when the appellant-defendant has produced no more evidence of the value of the real estate than was produced here.

Order affirmed.

CAVANAUGH, J., files a dissenting statement.

CAVANAUGH, Judge, dissenting:

I would find that the lower court abused its discretion in failing to set aside the sheriff's sale, and would reverse.