Samuel Cox et al. *v.* City of Chester et al. Chester Upland School District, Appellant.

Samuel Cox et al. *v.* City of Chester et al. County of Delaware and the Tax Claim Bureau of Delaware County, Appellants.

Argued April 11, 1985, before Judges MACPHAIL and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*Leo A. Hackett,* Solicitor of Chester Upland School District, with him, *Francis P. Connors,* Solicitor, and *James E. DelBello,* Assistant County Solicitor, for the County of Delaware, appellants.

*Dana M. Breslin,* with her, *Margaret Lenzi,* for appellees.

OPINION BY JUDGE BARRY, June 12, 1985:

These appeals by the Chester Upland School District and the County of Delaware (taxing authorities) are from an order of the Court of Common Pleas of Delaware County which required the taxing authorities to notify delinquent real estate taxpayers of the opportunity to submit a compromise proposal to the taxing authorities for payment of delinqent taxes before their property could be sold at a tax sale.

Plaintiffs-appellees are delinquent in the payment of their real estate taxes. The parties stipulated that the plaintiffs received every notice *expressly mandated by the legislature.* The legislature has also provided:

> Whenever taxes levied by any political subdivision upon real property have become delinquent . . . and such delinquent taxes and the penalties, interest and costs due thereon exceed, in the opinion of the tax levying authorities, the net amount which could be realized at a tax sale of such real property . . . and, in the opinion of said authorities, is more than could be realized by enforced collection against the owner of such property, it shall be lawful for the tax levying authorities, or any of them, if the court of common pleas of the county, in which such real property is situated, shall first have consented thereto, to accept in compromise of such delinquent taxes, penalties, interest and costs any sum less than the whole amount due, and to enter satisfaction of all such taxes on the record.

Section 1 of the Act of November 23, 1938, Sp. Sess., P.L. 90, 72 P.S. §5551 (Compromise Act). Plaintiffs argued in the trial court that due process required that they be notified of the opportunity to present a

compromise proposal before a tax sale could be held. The trial court agreed with the plaintiffs and ordered the taxing authorities to give such notice. These appeals followed.

Certain principles are not in dispute. Plaintiffs and the trial court recognized that the decision to accept any compromise is wholly within the discretion of the taxing authorities. Therefore, should a taxing authority choose to never compromise delinquent taxes pursuant to the Compromise Act, the judiciary normally would be powerless to interfere with such a decision. Despite this, the trial court nonetheless held that due process required the taxing authorities to notify plaintiffs of the opportunity to present a compromise proposal to them even though those authorities, in an exercise of their discretion, need not accept any such compromise proposal. We believe the trial court erred in reaching such a conclusion.

Due process protections apply to legitimate property rights. As the United States Supreme Court has stated in *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." The Compromise Act does not explicitly require delinquent taxpayers be given notice of the Act's provisions. Nevertheless, relying on two federal cases, the trial court held that due process required such notice. For the reasons that follow, we believe the trial court's reliance on those cases was misplaced.

In *Memphis Light, Gas and Water Division v. Craft*, 436 U.S. 1 (1978), the customers were having a dispute with the utility company over a bill. Service was terminated after a termination notice was sent;

that notice, however, failed to inform the customers of an opportunity to present their story to the utility before service would be terminated. This latter provision was mandated by Tennessee state law in the case of disputed bills. Because the termination notice failed to inform the customers of these state remedies, the Court held that the notice violated the Due Process Clause. In *Finberg v. Sullivan*, 634 F. 2d 50 (3rd Cir. 1980), the court held that Pennsylvania's garnishment procedure was violative of due process in that a garnishee was not given notice of Pennsylvania's $300.00 personal exemption to garnishment proceedings.

In both *Memphis Light* and *Finberg*, the property interest involved was created by state law, and the holders of that property interest had a legitimate entitlement to it. The Compromise Act, in our view, gives a delinquent taxpayer no more than a unilateral expectation of a compromise proposal regarding his delinquent tax bill. This is necessarily so because of the taxing authority's unbridled discretion in deciding whether to accept a compromise. Since there is a unilateral expectation, due process does not require the notice envisioned by the trial court.

We must remember that the plaintiffs are not alleging that the taxing authorities somehow discriminated against them in the exercise of those authorities' discretion. Plaintiffs simply allege that they are entitled to notice of the Compromise Act's provisions before a tax sale can be held. As we have already stated, due process does not require such notice given the nature of the Compromise Act.

ORDER

Now, June 12, 1985, the January 23, 1984 order of the Court of Common Pleas of Delaware County at No. 80-16614 is reversed.