534 A.2d 157

John D. Mehalic and Clarence J. Mehalic, Co-partners, t/d/b/a Unity Stereo Pak, Appellants *v.* Westmoreland County Tax Claim Bureau, Appellee.

Submitted on briefs October 6, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Daniel J. Hewitt, Godlewski & Hewitt,* for appellants.

*Aaron M. Kress,* Assistant County Solicitor, with him, *Debra M. Nicholson,* for appellee.

OPINION BY JUDGE DOYLE, December 2, 1987:

John and Clarence Mehalic (Appellants) appeal from an order of the Court of Common Pleas of Westmoreland County, which confirmed the private tax sale of Appellants' property for delinquent taxes. We affirm.

Appellants owned property in Unity Township, Westmoreland County. The property was assessed in the name of Unity Stereo Pak, a business that Appel-

lants operated as a partnership. The property's assessed value was $17,380. Taxes were delinquent against the property for the years 1978 through 1984. As a result of these delinquencies, Appellants' property was exposed to tax sale by the Westmoreland County Tax Claim Bureau (Bureau) for several years. By the date of the last relevant public tax sale in this case, September 9, 1985, the amount owed by Appellants totalled $5,374.99 (including delinquent taxes, penalties, interest and costs). The property was not sold at any public tax sale.

On December 20, 1985, an offer to purchase the property for $3,250 at private sale was made pursuant to the provisions of Section 613 of the Real Estate Tax Sale Law (Law).[1] Acting pursuant to Section 613, the Bureau sent notice to the various taxing bodies and Appellants.[2] Appellants then filed a petition with the court of common pleas asking that the proposed private sale be disapproved. Paragraph eight of the petition averred, "[y]our [p]etitioners are able to begin regular and substantial payments towards the taxes due, including costs and interest thereon." After a hearing, the trial court confirmed the sale. This appeal follows.

We note initially that our scope of review over a proposed private sale under Section 613 is limited to determining whether the trial court abused its discretion. *Schuylkill County Tax Claim Bureau v. Tremont Township,* 104 Pa. Commonwealth Ct. 338, 522 A.2d 102 (1987). Pursuant to Section 613, the trial court may confirm the sale if it is "just and proper."

Initially, Appellants allege that the trial court abused its discretion in determining that the assessed

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.613.

[2] The Bureau and the prospective purchaser were also notified pursuant to Section 613's mandate.

value of the property was "incompetent" evidence when Appellants attempted to prove the fair market value of their property by evidence of the property's assessed valuation.[3] Appellants' argument is that the assessed valuation of the property is competent evidence to prove its fair market value, since such valuations are routinely admissible in tax assessment appeals. *Buhl Foundation v. Board of Property Assessment, Appeals and Review,* 407 Pa. 567, 180 A.2d 900 (1962); *City of Wilkes-Barre Industrial Development Authority v. Board of Tax Assessment Appeals of County of Luzerne,* 89 Pa. Commonwealth Ct. 182, 492 A.2d 113 (1985). Indeed, in assessment appeals, the introduction of the assessment record into evidence establishes the *prima facie* validity of the assessment and shifts the burden to the taxpayer to rebut it. *Deitch Co. v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965).

The Bureau counters this argument by arguing that it is well-settled that in eminent domain cases an assessed valuation is inadmissible to prove a property's fair market value,[4] *Berger v. Public Parking Authority of Pittsburgh,* 380 Pa. 19, 109 A.2d 709 (1954), and that this rule should be the one applied to the present case.

After an extensive review of case law, we believe the Bureau's position is correct. First, the property's assessed valuation is clearly hearsay, and our Supreme Court has held that such assessments are not declara-

---

[3] Appellants sought to introduce this evidence to demonstrate that the price offered was "insufficient" as a matter of law. *See* Section 613 of the Law.

[4] Indeed, the rule that a tax assessment is not admissible in a condemnation proceeding for any purpose is now codified. *See* Section 705(4) of the Eminent Domain Code, Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended,* 26 P.S. §1-705(4); *see also Redevelopment Authority of City of Chester v. Bosacco,* 46 Pa. Commonwealth Ct. 242, 406 A.2d 1163 (1979).

tions against interest, *Girard Trust Co. v. Philadelphia,* 248 Pa. 179, 181, 93 A. 947, (1915), and "represent nothing more than 'ex parte statements' of the opinion of the assessor." *Id.* at 182, 93 A. at 948. Further, the manner in which the assessment was sought to be introduced here does not permit cross-examination of the assessor. *Hanover Water Co. v. Ashland Iron Co.,* 84 Pa. 279 (1877).

More importantly, the major reason for holding incompetent any attempt to prove a property's fair market value through the use of the property's assessed valuation is that the assessment is unreliable and of little probative value. Speaking to this issue in *Miller v. Windsor Water Co.,* 148 Pa. 429, 23 A. 1132 (1892), our Supreme Court opined:

> The bare statement of the proposition is strongly persuasive, if not conclusive, of its want of merit. At best, such assessments or valuations are a very unreliable measure of market value at the time they are made. As a general rule, they differ so widely from actual market values that no one ever thinks of accepting them as a measure by which to sell or buy.

*Id.* at 439, 23 A. at 1133. We agree with the Superior Court's statement in *J.B. Van Sciver Co. v. Smith,* 328 Pa. Superior Ct. 487, 477 A.2d 550 (1984) that we cannot assume that a property is "worth any specific amount based upon its assessed value." *Id.* at 490, 477 A.2d at 552. There is absolutely nothing contained in Section 3 of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. §5344 (dealing with assessments in counties of the third class) or its successors[5] that re-

---

[5] The current provision dealing with assessments in counties of the third class was added by Section 1 of the Act of October 26, 1972, P.L. 1028.

quires a property located in such a county to be assessed at actual value. Although the introduction of assessed values into evidence has often been faulted on the ground that the assessed value is generally less than the fair market value of the property, *Miller,* we are aware of an instance where the assessed valuation of a property was greater than the property's fair market value, due to a decline in real estate values because of general economic conditions. *See, e.g., Williamson's Estate,* 302 Pa. 462, 153 A. 765 (1931). We therefore hold that the evidence of a property's assessed valuation, without more, is irrelevant and incompetent in a proceeding under Section 613 of the Law.[6]

Moreover, and more to the point, the proper criterion "to gauge the merits of a proposed [private] sale is not established as the largest sum which the property will bring, but rather whether the prospective terms of sale satisfy the court that the bargain is proper and to the advantage of all the taxing authorities interested." *Schuylkill County Tax Claim Bureau,* 104 Pa. Commonwealth Ct. at 345, n. 6, 522 A.2d at 105 n. 6 (quoting *Private Sale of County Owned Lands,* 40 Pa. D. & C. 2d 301, 305-06 (1965)). In the present case, none of the taxing bodies objected to the proposed private sale. The bid entered by the prospective purchaser in this case, $3,250, represented seventy-six percent of the taxes due as of February 19, 1986; the Appellants did not submit a bid of their own to purchase the property at the private sale; and no other bidders appeared to offer a bid higher than that offered by the proposed pur-

---

[6] We note that our Supreme Court has utilized the assessed valuation of a property in determining whether the price brought at a sheriff's sale for a property was grossly inadequate. *American State Bank & Trust Co. v. Mariades,* 328 Pa. 428, 196 A. 71 (1938). The issue of the assessed valuation's admissibility as evidence of the property's fair market value was not, however, raised in that case.

chasers. The proposed private sale in this case will put the property back on the tax rolls on terms advantageous to the taxing districts. This, of course, is one of the purposes of Section 613 of the Law. *Schuylkill County Tax Claim Bureau.* Appellants place great emphasis on the fact that they are willing to enter into an agreement with the Bureau to now begin repaying the delinquent taxes. The decision to accept any compromise of delinquent taxes, however, is wholly within the discretion of the taxing authorities. *Cox v. City of Chester,* 90 Pa. Commonwealth Ct. 85, 494 A.2d 50 (1985). *See also* Section 1 of the Act of November 23, 1938, Sp. Sess., P.L. 90, *as amended,* 72 P.S. §5551.

Thus, we find no abuse of discretion in the trial court's ruling that the sale was "just and proper." Consequently, the order of the Court of Common Pleas of Westmoreland County is affirmed.

ORDER

The order of the Court of Common Pleas of Westmoreland County, No. 881 of 1986, dated July 17, 1986, is hereby affirmed.