**Janice GETSON, Appellant,**

v.

**SOMERSET COUNTY TAX CLAIM BUREAU, and Tina Brant.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1997.

Decided July 2, 1997.

Edward R. Schellhammer, Somerset, for appellant.

Robert I. Boose, II, Somerset, for appellee, Tina Brant.

Before PELLEGRINI and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Janice Getson appeals from the October 23, 1996 order of the Court of Common Pleas of Somerset County (trial court) denying her request to amend her petition for redemption of tax sale and granting the sale of property at private tax sale to Tina Brant.

Getson owned two parcels of real estate (collectively, property) which were listed for public tax sale in September of 1992 and again in September of 1995. Because neither sale resulted in sufficient bids, the property has been held by the Somerset County Tax Claim Bureau (Bureau). The amount of delinquent taxes, interest and penalties owed on the property as of March of 1996 was approximately $3,654.60. In March of 1996, Tina Brant submitted an offer to purchase the property at private sale for $2,400.99—an amount constituting approximately 61 percent of the total amount of taxes owed. All taxing bodies approved the sale.

■ Getson filed a timely petition "for redemption of tax sale"[1] challenging the sale. She contended that several members of her family have agreed to advance her sufficient funds to pay the Bureau all of the unpaid real estate taxes with penalties and interest. She also contended that the lower, private offer submitted by Brant would result in a substantial loss of revenue to the taxing body and should be rejected. After a hearing, the trial court dismissed the petition and affirmed the sale to Brant.[2] This appeal followed.[3]

Getson contends that the trial court abused its discretion by rejecting her offer to pay the tax delinquency and all penalties and interest in full. She contends that she was attempting to pay her delinquent taxes so as to remove her property from sale. She argues that Section 603 of the Law, 72 P.S. § 5860.603, gives her that right. Section 603 provides in relevant part:

Any owner ... may, at the option of the bureau, prior to the *actual sale*, (1) cause the property to be removed from the sale by payment in full of taxes which have become absolute and of all charges and interest due on these taxes to the time of payment, or (2) enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims and tax judgments filed or entered against such property and the interest and costs on the taxes returned to date, as provided by this act ... So long as said agreement is being fully complied

1. The proper method by which to contest a private bid is through a petition to disapprove, in which the property owner or other interested party, including other proposed purchasers, have the right to object to the sufficiency of the private bid submitted. 72 P.S. § 5860.618. Getson, instead, filed a petition to redeem, which was essentially viewed by the trial court in the same light as a petition to disapprove.

2. At the hearing before the trial court, Getson moved to amend her original petition on two bases: (1) to join her husband as a party, and (2) to include an objection specifically challenging the sufficiency of Brant's bid. The trial court denied her motion, holding that, under Section 613 of the Real Estate Tax Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.613, Getson's petition to join her husband was not filed within the requisite 45 day period and was, thus, untimely. The trial court also found that Getson was forbidden to bid upon her own property under Section 618 of the Law, 72 P.S. § 5860.618, which provides, "[t]he owner shall have no right to purchase his own property at either a judicial sale or a private sale under the provisions of this act." On appeal,

Getson agrees that she has no right to bid upon her own property at private sale.

Getson does, however, argue that the trial court abused its discretion by denying her motion to join her husband, Gary Getson, as a party. She argues that since her original petition stated that "family members" would give her the money needed to pay the delinquency, that her husband, as a family member, had already been mentioned, though not specifically identified, so that his joinder was timely. To the contrary, Getson's motion, in which she names her husband for the first time, was filed after the expiration of the 45 day period set forth by Section 613 of the Law, and the trial court did not abuse its discretion by denying her motion to join him. *See also Fieg v. Somerset County Tax Claim Bureau*, 658 A.2d 476, 477, n. 2 (Pa.Cmwlth.1995).

3. Our scope of review of a proposed private sale under Section 613 of the Law is limited to a determination of whether the trial court abused its discretion. *Schuylkill County Tax Claim Bureau v. Tremont Township*, 104 Pa.Cmwlth. 338, 522 A.2d 102 (1987), *petition for writ of certiorari denied*, 487 U.S. 1206, 108 S.Ct. 2847, 101 L.Ed.2d 885 (1988).

with by the taxpayer, the sale of the property covered by the agreement shall be stayed. (emphasis added).

Getson argues that since Brant's bid was only a "proposed" bid, it did not constitute an "actual sale" under the Law, so that she is still the "owner" of the property, and, as such, is entitled to pay the Bureau all delinquent taxes, penalties and costs so that she can retain her property.

■ What Getson is confusing is that the actual sale addressed in Section 603 goes to the public upset sale,[4] not private or judicial sales. An upset sale is distinct from a private sale, and each is controlled by separate sections of the Law. "Actual sale", as defined by the Law, refers to the "full amount of money agreed to be paid as the sale price by the successful bidder or purchaser at *upset sale* under sections 605 through 609." (emphasis added). Those provisions apply only to "upset sales" where the property is offered to the general public for sale.

Section 613[5] applies to private sales. It provides that after property has been exposed to public sale under Section 603 but was not sold because no bid equal to or greater than the upset price had been made, the Bureau may agree to sell the property at private sale, "at any price approved by the bureau". 72 P.S. § 5860.613(a). After proper notice of the private sale has been given, the owner or other interested party or potential purchaser then has 45 days in which to petition the trial court to contest the sufficiency of the sale price only.

■ Even if, as Getson contends, she offered to pay all delinquent taxes, penalties and interest in full after Brant had offered to purchase the property at private sale, that action is still prohibited. Under Section 613, once the property had been offered at private sale and a proposed purchaser had made an offer, the original property owner cannot thwart that sale by offering all back taxes and penalties. Because that right was certainly extinguished by the time Brant had made her offer for the property, if not before, all that Section 613 gives the property owner is the right to challenge the sufficiency of the sales price. Just because Getson was willing to pay back the taxes did not require that the proposed private tax sale be disapproved. *Mehalic v. Westmoreland County Tax Claim Bureau,* 111 Pa.Cmwlth. 398, 534 A.2d 157 (1987). Rather, the decision to accept or reject any proposed compromise of

---

4. Section 605 of the Law, 72 P.S. § 5860.605, provides, in relevant part:

> The bureau shall fix as the upset price to be realized at the sale of any property upon a claim absolute, the sum of (a) the tax liens of the Commonwealth, (b) the amount of the claim absolute and interest thereon on which the sale is being held, (c) the amount of any other tax claim or tax judgment due on such property and interest on the judgment to the date of sale, (d) the amount of all accrued taxes including taxes levied for the current year, whether or not returned, a record of which shall be furnished to the bureau by tax collectors, receivers of taxes and taxing districts, (e) the amount of the municipal claims against the property, and (f) the record costs and costs of sale, including pro rata costs of the publication of notice and costs of mail and posted notices in connection with the return of the claim and mail and posted notices of sale.
> ...
> No sale of property shall be made by the bureau unless a bid equal to the upset price is made ...

5. Section 613 of the Law, 72 P.S. § 5860.613, provides, in relevant part:

> At any time after any property has been exposed to public sale and such property was not sold because no bid was made equal to the upset price, ... the bureau may, on its own motion, and shall, on the written instructions of any taxing district having any tax claims or tax judgments against said property, agree to sell the property at private sale, at any price approved by the bureau. Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property ... The corporate authorities of any taxing district having any tax claims or tax judgments against the property which is to be sold, the owner, an interested party, or a person interested in purchasing the property may, *if not satisfied that the sale price approved by the bureau is sufficient,* within forty-five (45) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale. The court shall, in such case, after notice to each such taxing district, the owner, the bureau, the purchaser and any other person who has joined in the petition, hear all parties. After such hearing, the court may either confirm or disapprove the sale as it appears just and proper. (emphasis added).

delinquent taxes is wholly within the discretion of the taxing authorities. *Id.*

Accordingly, the decision of the trial court is affirmed.

### ORDER

AND NOW, this 2nd day of July, 1997, the October 23, 1996 decision of the Court of Common Pleas of Somerset County is affirmed.