HANITH, L.L.C., Appellant

v.

TAX CLAIM BUREAU OF MIFFLIN COUNTY, and Commissioners of Mifflin County.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2010.

Decided Oct. 20, 2010.

Reargument Denied Dec. 10, 2010.

Mark C. Duffie, Lemoyne, for appellant.

Patricia A. Gardner, Lewistown, for appellees.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Hanith, L.L.C. (Hanith) appeals from the October 30, 2009, order of the Court of Common Pleas of Mifflin County (trial court) denying Hanith's petition, filed under section 613(a) of the Real Estate Tax Sale Law (RETSL),[1] objecting to the proposed private sale of real property to the Commonwealth of Pennsylvania, Department of Conservation and Natural Resources (DCNR). We affirm.

The subject property is a rural, 206–acre parcel located in Bratton Township, Mifflin County. The property is surrounded by

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.613(a). Section 613(a) of the RETSL provides, in relevant part, as follows:

   The corporate authorities of any taxing district having any tax claims or tax judgments against the property which is to be sold, the owner, an interested party, or a person interested in purchasing the property may, if not satisfied that the sale price approved by the bureau is sufficient, within forty-five (45) days after notice of the proposed sale, petition the court of common pleas of the county to disapprove the sale.

   72 P.S. § 5860.613(a).

the Tuscarora State Forest, and a state forest road runs through the property. The property has been owned by the Commissioners of Mifflin County (Commissioners) as trustees for the Tax Claim Bureau of Mifflin County (Bureau) since the 1920s. As of September 2009, the total amount of tax delinquency, including interest, was $44,712.51, and the property was valued at $139,200.00.

On May 4, 2009, the Bureau published in the local newspaper a notice of a proposed private sale of the property to DCNR for the sum of $120,000.00.[2] The Bureau published a second notice of the sale in the same newspaper on May 15, 2009.

On June 25, 2009, Hanith filed a petition objecting to the tax sale. On July 28, 2009, Hanith offered an option payment of $132,000.00 for the property and, in a letter to the Bureau, stated that it would bid that amount or more if the current sale were disapproved by the trial court. The Bureau rejected Hanith's offer. Hanith also presented its offer to the trial court by way of certified check in the amount of $132,000.00.

The trial court held an evidentiary hearing on Hanith's petition on September 29, 2009. At the hearing, David A. Whitesel, president of Hanith, testified that the property was formerly owned by his great-grandfather, Henry Whitesel,[3] and that his intent in purchasing the property was to use it for recreational purposes and as an investment property. (N.T., 9/29/09, at

22–23, 27–28.) Gene Odato, a DCNR representative, testified that DCNR intended to manage the property as part of the State Forest Resource Plan. (*Id.* at 50.) He also testified that DCNR would sell timber and use the proceeds to maintain the property, develop trails, and preserve forest land. DCNR would leave the property open to the public for hunting, fishing, and horseback riding. (*Id.* at 50–52.) Merry Bratton, Chief Assessor for Mifflin County, testified that the property, if privately owned, would be eligible for the Clean and Green program, which would reduce the amount of taxes Hanith would have to pay on the property. (*Id.* at 44–45.)

By order dated October 30, 2009, the trial court denied Hanith's petition and confirmed the proposed sale, concluding that the proposed sale to DCNR was just and proper[4] under the circumstances. The primary basis for the trial court's decision was the fact that DCNR's intended use of the property would benefit the public and the State Forest Resource Plan. (*See* 10/30/09 Order at 2–3; Pa. R.A.P. 1925(a) Stmt. at 1–2.) Hanith timely appealed from this decision.[5]

On appeal, Hanith asserts that the trial court abused its discretion in concluding that the proposed sale to DCNR was just and proper. Hanith claims that the trial court misapplied the holding in *Fieg v. Somerset County Tax Claim Bureau,* 658

---

2. The Commissioners and DCNR signed an Agreement of Sale on July 2, 2009.

3. Henry Whitesel owned the property until 1915, when it was sold via tax sale to Vincent Lumber Company. (N.T., 9/29/09, at 14.) Due to ongoing tax delinquencies, the property was eventually turned over to Mifflin County in the 1920s.

4. *See* 72 P.S. § 5860.613(a) (providing that, after a hearing on a petition to disapprove,

the trial court "may either confirm or disapprove the sale as to it appears just and proper").

5. Our scope of review of a trial court's ruling on a proposed private sale under section 613 of the RETSL is limited to determining whether the trial court abused its discretion. *Getson v. Somerset County Tax Claim Bureau,* 696 A.2d 903, 904 n. 3 (Pa.Cmwlth.1997).

A.2d 476 (Pa.Cmwlth.1995), in reaching its conclusion. We disagree.

In *Fieg*, William Cicciarelli was the proposed purchaser of property at a private tax sale. His bid of $9,853.96 was equal to the amount of taxes due on the property. Fieg Brothers Coal Company, as a person interested in purchasing the property, filed a petition to disapprove the sale and submitted a bid of $15,000.00. *Id.* at 476–77. The trial court disapproved the proposed sale to Cicciarelli, holding that "where an interested purchaser has submitted a significantly higher bona fide and irrevocable bid, the sale [will] not be approved absent circumstances which would lead the court to approve the original sale." *Id.* at 477. On appeal, Cicciarelli argued that a bid equaling the amount of the tax delinquency is "sufficient" under section 613(a) [6] of the RETSL and, thus, precludes the trial court from disapproving the proposed sale, even where there has been a subsequent higher bid. *Id.* at 477–78.

This court disagreed. We noted that the RETSL allows the trial court "great latitude" in determining whether a proposed sale is just and proper under the circumstances. *Id.* at 478. The trial court must consider "*all the circumstances* to determine whether to approve or disapprove the sale as it deems just and proper." *Id.* at 479 (emphasis in original). The trial court in *Fieg* found that Cicciarelli presented no reasons that would lead the court to approve the prior offer. Therefore, we found no abuse of discretion and affirmed the disapproval of the sale to Cicciarelli.

Applying *Fieg* to the facts of this case, we conclude that the trial court did not abuse its discretion in denying Hanith's petition. The trial court determined that Hanith's higher bid would not offer a significantly greater benefit to the taxing authorities than DCNR's bid. Unlike the initial bid in *Fieg*, both of the bids in this case well exceeded the amount of the tax delinquency and were more in line with the property's fair market value. Thus, either bid, once accepted, would make the interested taxing authorities whole.[7]

Moreover, the trial court considered the unique nature of this particular parcel of land, which consists of undeveloped woodlands and is completely surrounded by a state forest. The trial court found that DCNR's proposed use would provide a greater benefit to the public and the county than Hanith's proposed use. Additionally, any profits DCNR would realize from timbering would be used to maintain and preserve the property. Thus, we are satisfied that the trial court properly considered all circumstances of the proposed sale in reaching its conclusion.

Hanith further claims that the trial court erroneously relied on *Mehalic v. Westmoreland County Tax Claim Bureau*, 111 Pa.Cmwlth. 398, 534 A.2d 157 (1987),[8]

---

6. *See* 72 P.S. § 5860.613(a) ("[A] person interested in purchasing the property may, *if not satisfied that the sale price approved by the bureau is sufficient,* ... petition the court of common pleas of the county to disapprove the sale.") (emphasis added).

7. Hanith challenges the trial court's statement that Hanith's $12,000.00–higher bid was "not significantly greater" than DCNR's, noting that Fieg Brothers' bid, which was $6,000.00 higher than Cicciarelli's, was described as "substantially higher." *Fieg,* 658 A.2d at 479.

However, Hanith mischaracterizes the trial court's language. What the trial court actually said is that Hanith's bid "will not provide a significantly greater benefit to the taxing authorities." (10/30/09 Order at 2.) That statement is accurate, as both Hanith's and DCNR's bids would more than satisfy the amount of the outstanding tax delinquency.

8. In *Mehalic,* John and Clarence Mehalic had an outstanding tax delinquency of $5,374.99 on their property. A third party offered to purchase the property at a private sale for

because the petition for disapproval in that case pre-dated the effective date of the 1986 amendments to the RETSL.[9] However, the trial court cited *Mehalic* only for the proposition that the court must determine whether the terms of the proposed sale indicate that the bargain is proper and benefits the interested taxing authorities. Neither the 1986 amendments nor subsequent case law have invalidated this proposition. In fact, as the trial court points out, Hanith cited *Mehalic* for this same proposition in its brief in support of its petition. (*See* Brief in Support of Petition for Disapproval at 6.) Therefore, this claim lacks merit.

Finally, Hanith asserts that the trial court improperly considered the Clean and Green Act's[10] tax advantages if Hanith were to purchase the property. Again, that was only one factor the trial court considered. The trial court explained that "the benefits the DCNR could bring to the public were the most significant factors," and Hanith's higher bid did not outweigh those benefits. (Pa. R.A.P. 1925(a) Stmt. at 2.) As this court recognized in *Fieg*, the trial court has "great latitude" to determine what is just and proper in a private tax sale. Here, the trial court had ample reasons for rejecting Hanith's higher bid and clearly explained those reasons in its opinions.

Accordingly, because we conclude that the trial court did not abuse its discretion in denying Hanith's petition, we affirm.[11]

### ORDER

AND NOW, this *20th* day of *October*, 2010, we hereby affirm the October 30, 2009, order of the Court of Common Pleas of Mifflin County.

---

$3,250.00 under section 613 of the RETSL. 534 A.2d at 157. The Mehalics filed a petition to disapprove the private sale, stating that they were willing and able to begin making payments toward the taxes due. The trial court denied the petition and confirmed the sale. *Id.* at 158. This court affirmed, noting that the proper criterion for reviewing a proposed sale is not "the largest sum which the property will bring, but rather whether the prospective terms of sale satisfy the court that the bargain is proper and to the advantage of all the taxing authorities interested." *Id.* at 159 (internal quotation omitted).

9. Before the 1986 amendments, only the affected taxing authority and the property owner had standing to petition for disapproval of a private sale. Now, any interested parties or members of the general public who want to purchase the property may petition for disapproval of a private sale. *See* 72 P.S. § 5860.613(a).

10. The Pennsylvania Farmland and Forest Land Assessment Act of 1974, commonly known as the "Clean and Green Act," Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §§ 5490.1–5490.13. Under the Clean and Green Act, property devoted to agricultural or forest reserve use is assessed at the value of the property for that particular use rather than at its fair market value. 7 Pa. Code § 137b.1(a).

11. We note that the trial court erroneously stated that any excess funds above the amount of the tax delinquency would benefit "the delinquent property owner." (10/30/09 Order at 2 (citing 72 P.S. § 5860.205(d)).) Under the RETSL's plain language, such funds would be paid to the county in this case. *See* Section 205(d) of the RETSL, 72 P.S. § 5860.205(d) (establishing order of priority for distribution of tax sale monies, with "owner" of property being last) and Section 102 of the RETSL, 72 P.S. § 5860.102 ("[A]s to property having been turned over to the bureau under Article VII [of the RETSL] by any county, 'owner' shall mean the county.") (emphasis added). However, this error does not affect our disposition because, as the trial court noted in its supplemental opinion, its reference to the distribution of tax monies was "not a determinative factor" in its analysis. (Pa. R.A.P. 1925(a) Stmt. at 2.)