IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shahnawaz M. Mathias,          :
Individually and as Executor to    :
The Estate of Gladys E. Mathias,  :
                  Appellant       :
                           :   No. 714 C.D. 2021
        v.             :
                           :   Submitted: January 21, 2022
York County Tax Claim Bureau   :
and Craig W. Irvine           :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                      FILED: July 8, 2022


        Shahnawaz M. Mathias, individually and as Executor of the Estate of Gladys E. Mathias (Mathias), appeals from the January 19, 2021 order of the Court of Common Pleas of York County (trial court) that denied his petition to set aside a tax sale of his property located at 70 Vista Drive, Red Lion, Windsor Township, Pennsylvania (the property), which was conducted pursuant to what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA).[1] After review, we affirm the trial court.

        The property was first exposed to a tax sale on October 5, 2017, for unpaid taxes from 2012 at the York County Upset Tax Sale. The property did not sell in 2017

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

and was subsequently scheduled to be sold at the 2018 York County Judicial Tax Sale (2018 Tax Sale) on June 7, 2018.

On June 1, 2018, Mathias filed an emergency motion for stay or continuance of the 2018 Tax Sale, contending that he needed time to liquidate funds from his deceased parents' estate to pay the delinquent taxes. On June 6, 2018, the trial court granted the motion for stay, directed the property to be listed for the next regularly scheduled judicial tax sale and declared that "given the length of time that this matter has been pending, there will be no further continuances of any sale." (Stipulation ¶9; Reproduced Record (R.R.) at 13.)

On December 31, 2018, the York County Tax Claim Bureau issued a Rule to Show Cause upon Mathias to show cause why the property should not be sold at the upcoming judicial tax sale. The Sheriff's Return of Service dated March 13, 2019, set forth that on March 12, 2019, a York County Deputy Sheriff served the Notice of Rule to Show Cause by personally handing a true and correct copy of the same to Mathias. On April 25, 2019, the Rule became absolute after Mathias failed to appear for the hearing.

In accord with the Rule to Show Cause, the property was exposed for sale on June 6, 2019 (2019 Tax Sale), at which time Craig W. Irvine (Irvine) was the successful bidder for the property, with a winning bid of $160,000.00.

On August 6, 2019, Mathias timely petitioned to set aside the 2019 Tax Sale because in his view the purchase price of $160,000.00 for the property, which had a tax assessed value of $471,510.00, was grossly inadequate. (Stipulation ¶10; R.R. at 3.) On February 18, 2020, an appraisal of the property was performed by Heather McFarland of Master Appraisals LLC, at the request of Mathias. The McFarland Appraisal sets forth a valuation of the property of $745,000.00. Notably, the

2

McFarland Appraisal included the following language: "Interior description is unknown as appraisal was completed as an exterior inspection **with the extraordinary assumption that the home is habitable and in good condition**." (R.R. at 26) (emphasis added).

The trial court held a bench trial on January 15, 2021, to address Mathias' petition to set aside. At trial, Mathias submitted the McFarland Appraisal in support of his position that the purchase price of the property was grossly inadequate.[2] Ms. McFarland did not testify.

In opposition, Irvine described his personal knowledge of the property, and described a variety of problems with it. He testified that it needed the roof replaced; there was "rot" around the windows; the exterior doors were in bad shape; the driveway needed repaired or repaved; the stucco exterior needed repairs; the landscaping had not been attended to in many years; and the garage doors were closed over with some type of material and needed to be reopened. Further, Irvine testified he understood the interior water pipes had frozen at some point, causing interior wall damage. Irvine opined the value of the property in its current condition was closer to $300,000.00. (Notes of Testimony (N.T.), 1/15/21, at 37-40; R.R. at 76-79.)

On January 19, 2021, the trial court issued a memorandum opinion and order denying Mathias' petition to set aside the tax sale. Relevant to this appeal, the

---

[2] Mathias also argued at trial that the sale of the property was invalid because he was not personally served with the Rule to Show Cause, and because he had an agreement with the County of York whereby the County agreed to not expose the property at the Judicial Tax Sale. In its January 19, 2021 memorandum and order, the trial court rejected both of these arguments. It found Mathias' testimony challenging the validity of the York County Sheriff's Return of Service to be not credible and otherwise insufficient to rebut its presumption of validity. The trial court also debunked Mathias' position that the settlement agreement reached between him and York County on an unrelated matter, which was effectuated 49 days after the date of the sale, acted as a stay to the sale of the property. Because Mathias has not appealed these rulings, we need not discuss them further and assume for present purposes that the County complied with all statutory requirements under the MCTLA.

3

trial court found Mathias had failed to prove that the sale price was grossly inadequate. Specifically, the trial court credited Irvine's testimony, discredited the McFarland Appraisal as not credible or persuasive, and concluded instead that the value of the property was between $350,000 and $500,000 in its current condition. The trial court explained its reasoning, as follows:

> The [c]ourt discounts the value set forth in the appraisal report. As a drive by appraisal,[3] the report assumes the Property to be in good condition. Thus, the comparable properties used to determine its value are also in good condition. The photographs of the [p]roperty do not show it to be in similar condition to the comparable properties based on the photographs provided in the report. By way of example only, the [p]roperty is not well landscaped, and the photographs show a tree with a downed limb. The comparable properties are all well landscaped, with trimmed trees and bushes and a manicured lawn. Further, the [c]ourt finds Irvine's testimony creditable with respect to the condition of the [p]roperty and the repairs it requires. While this [c]ourt is not charged with making an exact determination of the value of the [p]roperty, the [c]ourt believes its value to be between $350,000 and $500,000 in its current condition.

(Trial ct. op. 1/19/21 at 6.)

The trial court concluded that the sales price was not grossly inadequate. It explained, "[w]hile there is no set guideline as to when a sales price is grossly

---

[3] In its Rule 1925 opinion, the trial court expounded upon its ruling, explaining that the McFarland Appraisal

> was performed in a drive-by fashion with the valuation seeming to rely entirely on a vantage on the street, without ever setting a foot on the [p]roperty, let alone approaching the house and examining it in detail. Since [Mathias] also did not call this appraiser as a witness, there is no reason to believe anything other than what was reflected in the report is the basis for the valuation that appraiser provided.

(Trial ct. Rule 1925 op., 3/17/21 at 4.)

4

inadequate, the sales price here is between 32% and 45.7% of the property's value. The case precedent shows such a value is generally not accepted as being grossly inadequate." *Id*. Concluding that Mathias failed to prove any other irregularities regarding the Tax Sale, the trial court denied the petition to set aside.

On appeal,[4] Mathias contends that the trial court erred by concluding that the price bid of $160,000.00 at the Tax Sale was not grossly inadequate to warrant setting aside the Tax Sale. He maintains that the trial court abused its discretion when it discounted the $745,000.00 valuation of the property, which he claims was presented by "a certified impartial appraiser" based solely on the testimony of Irvine, who was not an impartial witness. (Mathias Br. at 6.)

Where a tax sale is challenged based upon the adequacy of the price, our courts have frequently held that mere inadequacy of price, standing alone, is not a sufficient basis for setting aside the sale.[5] *Allegheny County v. Golf Resort, Inc*., 974 A.2d 1242, 1247 (Pa. Cmwlth. 2009) (citing *Provident National Bank, N.A. v. Song*, 832 A.2d 1077, 1081 (Pa. Super. 2003)).[6] To set aside such a sale, the price must be "grossly inadequate." *Bank of America N.A. v. Estate of Hood*, 47 A.3d 1208, 1211

---

[4] The Court's standard and scope of review in tax sale cases "is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence." *Rice v. Compro Distributing, Inc*., 901 A.2d 570, 574 (Pa. Cmwlth. 2006).

[5] We note that, in cases involving grossly inadequate sale prices, courts have typically examined sheriff's sales as opposed to judicial tax sales. Our courts have held, however, that the same principles are applicable to judicial tax sales. *See City of Philadelphia v. Phil Ellena Holdings, LP*, (Pa. Cmwlth., No. 2613 C.D. 2010, filed Apr. 20, 2012), 2012 WL 8705095. *See* 210 Pa. Code §69.414(a) (unreported opinion may be cited for its persuasive value).

[6] Although Pennsylvania Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Company*, 269 A.3d 623, 679 n. 20 (Pa. Cmwlth. 2021). The Superior Court cases cited herein are relied on for their persuasive value.

(Pa. Super. 2012). *See also Cappozzi v. Antonoplos*, 201 A.2d 420 (Pa. 1964). Each case is determined on its own facts. *City of Philadelphia v. Hart*, 224 A.3d 815, 822 (Pa. Cmwlth. 2020). "It is for this reason that the term 'grossly inadequate price' has never been fixed by any court at any given amount or any percentage amount of the sale." *Id*. (*citing Scott v. Adal Corporation,* 509 A.2d 1279, 1283 (Pa. Super. 1986), *appeal denied*, 523 A.2d 1132 (Pa. 1987)). Absent evidence of the actual or estimated value of the property sold, a determination of gross inadequacy cannot be made. *See: Continental Bank v. Frank*, 495 A.2d 565, 568-69 (Pa. Super. 1985); *J.B. Van Sciver Co. v. Smith*, 477 A.2d 550, 552 (Pa. Super. 1984). In addition, a presumption exists that the price received at a public sale is the highest and best available. *Blue Ball National Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002), *appeal denied*, 820 A.2d 702 (Pa. 2003).

Here, the presumed highest and best price was bid at the Tax Sale, which was $160,000.00.[7] In order to show that the property was purchased at a "grossly inadequate" price, Mathias was required to present competent and credible evidence to establish the actual or estimated market value of the property. In an attempt to meet this burden, Mathias presented an appraisal report prepared by Ms. McFarland in which she valued the property at $745,000.00. The trial court rejected the appraisal as not credible.

Mathias argues that the trial court abused its discretion because the McFarland Appraisal was the only certified and "impartial" appraisal offered at the hearing. He also argues that the trial court abused its discretion by discounting the McFarland Appraisal based solely on the testimony of Irvine, who was not an impartial witness.

---

[7] Mathias offered no facts to indicate a lack of competitive bidding for the property.

In reviewing the decision below, we initially note that the trial court, as factfinder, had the exclusive authority to weigh the evidence, render credibility determinations, and draw reasonable inferences from the evidence presented. *Barylak v. Montgomery County Tax Claim Bureau*, 74 A.3d 414, 417 (Pa. Cmwlth. 2013). This Court may not make contrary credibility determinations or reweigh the evidence for the purpose of reaching an opposite result. *In re Sullivan*, 37 A.3d 1250, 1256 (Pa. Cmwlth. 2012).

Even though the McFarland Appraisal was the only appraisal report submitted at the hearing, the trial court was free to reject the valuation as not credible. The trial court stated the basis for its reasons and made factual findings supported by the record that the written appraisal was a "drive by" appraisal that made an "extraordinary assumption" that the home is habitable and in good condition. The trial court discounted the McFarland Appraisal because the appraiser did not enter the property to personally inspect it, and all photographs of the property were taken from the street. Further, the trial court found that Irvine had personal knowledge of the condition of the property and based on his account, and concluded that the McFarland Appraisal had greatly inflated its actual value. The Court is free to reject an appraisal report where the report is grounded in speculation. *See ENF Family Partnership v. Erie County Board of Assessment Appeals*, 861 A.2d 438 (Pa. Cmwlth. 2004) (appraiser's opinion regarding the possibility that the property might be rezoned for commercial use was pure speculation and should not have been considered in assessing the property); *see also Blue Ball Nat. Bank v. Balmer*, 810 A.2d 164 (Pa. Super. 2002) (rejecting appraisal as pure speculation because appraiser considered the possibility of development). We discern no error in the trial court's assessment of the evidence as the factfinder.

Because Mathias failed to present evidence of an inadequate sale price, we conclude the trial court did not err in denying his petition to set aside.

Accordingly, we affirm the order of the trial court.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shahnawaz M. Mathias,     :
Individually and as Executor to   :
The Estate of Gladys E. Mathias,  :
       Appellant   :
            :  No. 714 C.D. 2021
     v.       :
            :
York County Tax Claim Bureau  :
and Craig W. Irvine      :

## ***ORDER***

    AND NOW, this 8th day of July, 2022, the order of the Court of Common Pleas of York County is hereby AFFIRMED.

             _____
             PATRICIA A. McCULLOUGH, Judge