505 A.2d 1127

Stanley E. Shultz et al., Appellant *v.* The Board of Supervisors of Jackson Township, Appellee.

Argued September 9, 1985, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*John J. Krafsig, Jr.,* for appellants.

*Linus E. Fenicle, Ernico & Fenicle, P.C.,* for appellee.

OPINION BY JUDGE BLATT, March 11, 1986:

Stanley E. Shultz and other named citizens and taxpayers (appellants) of Jackson Township (township), Dauphin County appeal the order of the Court of Common Pleas of Dauphin County sustaining the objections of the Board of Supervisors of Jackson Township (appellee) and dismissing the appellants' appeal and petition under the Right to Know Act (Act), Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§66.1-66.4.

The appellants petitioned the common pleas court under Section 4 of the Act,[1] alleging that their right to inspect public records of the township relating to expenditures by the appellee had been denied without "just and proper cause". The appellee denied any intent to prevent the appellants from inspecting the records, and asserted that several times and dates had been offered to the appellants at which they might have access to the records in question.

The parties thereafter stipulated to an agreeable time and place for the appellants' certified public accountant to inspect the records, and, while the stipulated meeting did not take place as scheduled, the ac-

---

[1] 65 P.S. §66.4.

countant did perform his inspection approximately one week later, providing his report to the appellants on July 31, 1984. The appellants, however, had meanwhile served a set of thirty-five interrogatories on the appellee on July 30, 1984.

The appellee objected to the interrogatories on the grounds that discovery is not available under the Act, that the interrogatories themselves were irrelevant, and that responding thereto would be unduly burdensome and expensive. Responding to these objections, the appellants served on the appellee a rule to show cause why the objections should not be dismissed and the interrogatories answered.

The common pleas court preliminarily interpreted Pa. R.C.P. 4001(a)(1), concerning the scope of discovery, as embracing "every conceivable form of action" including that brought by the appellants, and, therefore, rejected the appellee's contention that discovery was not available. Nonetheless, it held that, with one exception, all of the appellants' interrogatories would require an unreasonable investigation by the appellee, involved privileged advice to the appellee by its solicitors, or were irrelevant to the issue of denial of access to public records. Moreover, it sustained the appellee's objections to the interrogatories and dismissed the appellants' statutory appeal on the ground that there had been no denial of information.

The appellants now contend that the common pleas court erred in sustaining the objections to the interrogatories. They argue that the appellee had failed to file specific objections thereto and had not requested a protective order. They also argue that, by dismissing their appeal, the common pleas court improperly contravened their discovery rights under the Pennsylvania Rules of Civil Procedure (Rules), the Act, and relevant case law by providing the appellee with a privilege not to answer the interrogatories.

The appellee continues to maintain that there is no right to discovery for purposes of the Act.

We first note that, pursuant to the Rules, discovery is available in "any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to [the] rules. . . ." Pa. R.C.P. No. 4001(a)(1). In *Wiley v. Woods*, 393 Pa. 341, 350 n.9, 141 A.2d 844, 849 n.9 (1958), however, our Supreme Court noted that Section 4 of the Act, which provides for an appeal from the denial of access to information, constitutes the *exclusive* remedy for a person denied the right to examine and inspect public records. Moreover, we have also held the civil procedure rules to be inapplicable in other matters concerning statutory appeals. *Harrisburg Park Apartments Appeal*, 88 Pa. Commonwealth Ct. 410, 489 A.2d 996 (1985); *Pittsburgh-Des Moines Steel Company, Inc. v. McLaughlin*, 77 Pa. Commonwealth Ct. 565, 466 A.2d 1092 (1983) and *Appeal of Sgro*, 67 Pa. Commonwealth Ct. 304, 447 A.2d 325 (1980) (civil procedure rules requiring exceptions to orders of common pleas court do not apply in property tax assessment appeals). By analogy, we believe that the Rules, including the discovery rules which are a part thereof, do not apply to proceedings under the Act.

We conclude, therefore, that the common pleas court erred in holding that discovery is available to parties proceeding under the Act.

As to the propriety of dismissing the appellants' appeal and petition, we agree with the common pleas court that, under the circumstances of this case, there has been no denial of access to the public record sought by the appellants.[2] Inasmuch as no appeal will lie

---

[2] We find no authority, however, for the common pleas court's statement that allegations that requested public records were not made available as required by the Act must be brought to the

under the Act until there has been such a denial, we will affirm the order of the common pleas court.

ORDER

AND Now, this 11th day of March, 1986, the order of the Court of Common Pleas of Dauphin County, dated November 12, 1984, is affirmed.

---

attention of the appellee at a "duly advertised public meeting." As we read the Act, such complaints may be brought to the attention of the keeper of the requested records at any time.