**Raymond POTTER, James Scheihing, Raymond McMahon et al.,**
**Appellants,**

**v.**

**SPRINGFIELD TOWNSHIP,**
**William J. Siefert et al.**

Commonwealth Court of Pennsylvania.

Argued June 11, 1996.

Decided Aug. 1, 1996.

Reargument Denied Sept. 23, 1996.

Blake E. Dunbar, Jr., for Appellants.

Michael D. Kristofco, for Appellees.

Before McGINLEY and KELLEY, JJ., and MIRARCHI, Senior Judge.

McGINLEY, Judge.

Raymond Potter, James Scheihing, Raymond McMahon et al. (Appellants) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) which sustained the preliminary objections in the nature of a demurrer of Springfield Township, William J. Siefert et al. (Appellees) and dismissed Appellants' complaint.

Appellants are present and former police officers of Springfield Township (Township) who are members of the Township Police Pension Trust and Fund (Pension Fund). Appellees are the Township, present and former Township Commissioners and present and former Township Secretary/Managers; all of whom acted at one time as Pension Fund Trustees.

In 1984, Appellees hired Robert J. Kuss and Robert J. Kuss & Associates, Inc. (Kuss) as the Pension Fund Administrator. During his employment and ending in March of 1992, Kuss stole in excess of $1.4 million from the Pension Fund.

On February 22, 1995, Appellants filed a complaint in mandamus alleging, among other things, that Appellees failed to make reasonable and prudent efforts to insure the integrity and actuarial soundness of the Pension Fund and sought to compel Appellees to refund the monies stolen by Kuss. Appellees filed preliminary objections in the nature of a demurrer and asserted, among other things, the defense of governmental immunity and alleged that Appellants failed to state a claim upon which relief could be granted. The common pleas court sustained Appellees' preliminary objections and dismissed the complaint. Appellants filed the present appeal to this Court.

■ Appellants raise the following issues for our review: (1) whether what is commonly known as the Political Subdivision Tort Claims Act[1] (Tort Claims Act) applies; (2) if so, does Appellants' claim fall within the Tort Claims Act's exception for damage to property within the care, custody and control of the municipality; and (3) whether Appellants have a right to proceed in equity and mandamus to compel the municipality to fund the Pension Fund.[2]

---

1. 42 Pa.C.S. §§ 8541–8542.

2. Our scope of review of a challenge to the sustaining of preliminary objections in the nature of a demurrer is whether on the facts averred, the law states with certainty that no recovery is possible. *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 621 A.2d 1197, 1199 n. 5

(1993). The court must accept as true all well-pleaded allegations and material facts averred in the complaint, as well as reasonable inferences therefrom and any doubt should be resolved in favor of overruling the demurrer. *Powell.*
*Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270, 271 n. 3 (1993).

■ Appellants contend that municipal officials acting as trustees of a fund have a fiduciary duty to preserve such fund. Appellants assert that such a fiduciary duty involves the law of trusts and contracts. Accordingly, Appellants maintain that an action for breach of this fiduciary duty is not a tort claim subject to the defense of governmental immunity. We disagree.

Pursuant to Section 8541 of the Tort Claims Act, 42 Pa.C.S. § 8541, Appellees are immune from liability for *any damages* which result from *any injury* to a person or property caused by any act of the local agency or an employee thereof or any other person. The exception to this rule provides that a local agency *will* be liable for damages if both of the following conditions are satisfied: (1) damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense; and (2) the injury must be caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties. 42 Pa.C.S. § 8542(a). "Negligent acts", as used in this section, does not include "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. § 8542(a)(2).

As the trial court noted in its opinion, Appellants have failed to plead any facts which, if accepted as true, fall within either of these exceptions. To the contrary, Appellants' complaint alleges that the damages sought were the result of theft or misappropriation of monies by a third party, namely Kuss. It is clear that the injury here was caused by criminal, not negligent, conduct. Because Section 8542(a)(2) provides that liability shall not be imposed for criminal acts

or conduct, Appellees are immune from suit for Kuss' intentional criminal actions.

■ Next, Appellants contend that if the Tort Claims Act is applicable, this action falls within the exception for injury to personal property within the care, custody or control of the political subdivision set forth at Section 8542(b)(2), 42 Pa.C.S. § 8542(b)(2).[3] Again, we disagree.

Section 8542 states that a local agency will be liable for damages if the conditions set forth under subsection (a) are satisfied "*and the injury occurs as a result of one of the acts set forth in subsection (b).*" 42 Pa.C.S. § 8542(a). The General Assembly's use of the word "and" indicates that all three of these conditions must be met before a local agency can be held liable for damages. As a result of our earlier conclusion that Appellants did not satisfy the conditions set forth at subsection (a) because a theft was involved, Appellants' argument fails. In addition, Appellants' complaint does not allege facts sufficient to establish that the Pension Fund was personal property and that Appellees' care, custody or control of such property caused Appellants' injury.

■ Lastly, Appellants contend that the proper remedy to compel the funding of a municipal benefits plan is in equity.

Appellees are required to comply with the Municipal Pension Plan Funding Standard and Recovery Act (MPPFSRA), Act of December 18, 1984, P.L. 1005 (No. 205), 53 P.S. §§ 895.101–895.803. Section 306(a) of the MPPFSRA, 53 P.S. § 895.306(a), authorizes the remedy of mandamus for the failure of a municipality to comply with the applicable standards for funding a pension plan.[4]

---

**3.** Section 8542(b) provides in pertinent part:

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(2) *Care, custody or control of personal property.*—The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

**4.** Section 306(a) provides:

**Legislative finding and declaration.**—The General Assembly finds and declares that any actual or potential failure by a municipality to comply with the applicable funding standard established by the act threatens serious injury *to the affected municipal pension plan,* to the entire system of public employee pension plans in the Commonwealth and to the Commonwealth itself. By expressly authorizing the remedy of mandamus in this section, the General Assembly intends to assist all persons with a beneficial or special interest in a municipal pension plan, in addition to all persons or

Sections 302–303 define the applicable funding standards for defined benefit plans which are self-insured, wholly insured or defined contribution plans. These sections provide that each year the chief administrative officer shall determine the financial requirements of the pension plan for the following year and shall determine the minimum obligation of the municipality with respect to the pension plan for the following year; and the municipality shall provide for the full amount of the minimum obligation of the municipality in the budget.

Appellants argue that Appellees failed to comply with the applicable funding standard established by the act and that therefore Section 306 gives them the right to bring an action in mandamus to compel Appellees to make restitution for the monies stolen by Kuss.

We conclude that Appellants failed to state a cause of action in mandamus. Review of Section 306 reveals that it is intended to remedy a municipality's failure to properly budget for, or pay the municipality's predetermined obligation to the Pension Fund. Section 306 does not give rise to a cause of action to compel Appellees to replace monies stolen from the fund by a third party. Accordingly, Appellants' argument fails.

The order of the trial court is affirmed.

## ORDER

AND NOW, to wit, this 1st day of August, 1996, the order of the Court of Common Pleas of Montgomery County at No. 95–03721, dated October 19, 1995, is affirmed.

entities with a special responsibility or duty in relation to municipal pension plans, in secur- ing that compliance.