**Davoud BARAVORDEH, Appellant,**

**v.**

**BOROUGH COUNCIL OF PROSPECT PARK and Peter D. Subers and Beverly J. Butterly and Sarah Cavendar and Lou DePietro and Robert Jurek and Brent Whitig and Ralph Moore and John Bradley and John Toal.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 1997.

Decided Aug. 8, 1997.

Peter DiGiovanni, Gradyville, for appellant.

James E. DelBello and Richard C. Tinucci, Media, for appellees.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Davoud Baravordeh appeals from the December 2, 1996 order of the Court of Common Pleas of Delaware County (trial court) which granted the preliminary objections of the Borough Council of Prospect Park, et al.,[1] (Council) and dismissed Baravordeh's complaint in mandamus.

The facts underlying this matter are as follows. By letter dated February 1, 1995, Baravordeh requested that the Borough of Prospect Park (Borough) provide him with copies of certain documents, including the Prospect Park Police Contract. To have a uniform procedure by which members of the public could request to examine and review public records, the Borough, through Council, had enacted Resolution No. 1656, which provides, in relevant part, that the following procedures "are established in order to provide the public with access to information":

1. Any member of the public may request the right to review and inspect specific public documents pursuant to the Pennsylvania Right–to–Know Act in writing on a form available at the Borough Hall.

2. The Borough shall make available for inspection and review the specifically requested documents within five (5) working days of the request.

3. The Borough will charge $.25 per page for copies of specific documents requested.

4. If the documents requested are not reviewable under the Right–to–Know Act, the Borough shall notify the public within five (5) working days.

In accordance with this Resolution, the Borough informed Baravordeh that his request for public documents must be made on an official Borough form. On February 3, 1995, Baravordeh made that request on the official form, and on the same day, was provided with and charged for 12 pages of the Prospect Park Police Contract, at $.25 per page, for a total charge of $3.00. On April 12, 1995, Baravordeh submitted a request on the official form for copies of the Prospect Park Police Contract and an application for the building permit for 917 Lincoln Avenue. Copies of that information, for which he was again charged $.25 per page, were provided by the following day.[2]

Claiming that the documents which he received from the Borough were not the "real" Borough police contracts but fabricated documents, Baravordeh filed an amended complaint in mandamus against Council and each of its members in their individual and representative capacities.[3] He specifically contended that Resolution No. 1656, as enacted by Council, violated what is commonly known as the Right–to–Know Act (Act)[4] because it did not allow for access to Borough records by examination and inspection, but only permitted access to those records by requests for copies and for a charge. Moreover, he contended that the Resolution violated the Right–to–Know Act because inspection and review of the records was not immediate, but was subject to a mandatory five-day delay for access to public records. Baravordeh attached Resolution No. 1656, along with other exhibits, to his amended complaint.

Alleging that the sole remedy for the Borough's and Council's violations was for the trial court to compel Council to comply with the Act, Baravordeh's amended complaint in

1. The Borough Council, as well as each member of the Borough Council, individually, and as council members, and the Council solicitor, John Toal, were named as defendants in this case. Those individual council members are as follows:
   Peter D. Subers, Beverly J. Butterly, Sarah Cavendar, Lou DePietro, Robert Jurek, Brent Whitig, Ralph Moore, and John Bradley.

2. Baravordeh was charged $1.25 for the building permit and $2.25 for the police contract. The receipt for the police contract copies indicates a $3.50 charge, less credit of $1.25, for a balance of $2.25.

3. Baravordeh originally filed a complaint in mandamus with the trial court. The trial court granted Council's preliminary objections to that complaint, without opinion, and granted Baravordeh 20 days in which to amended that complaint. The amended complaint, containing essentially the same allegations and exact same requested order as the original complaint, is what is at issue in the case *sub judice*.

4. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1 –66.4.

mandamus requested the trial court to order Council to do the following:

> to produce the Police Contracts requested, to present all public records for examination and inspection immediately upon request, to cease and desist in requiring requests for public records, to cease and desist in requiring access to public records solely through copies, and to cease and desist in requiring any delay in fulfilling requests for examination and inspection of public records.[5]

Council (on its own behalf, and on behalf of its named members, both individually and in their representative capacity), filed preliminary objections to Baravordeh's amended complaint, alleging that he failed to set forth a cause of action and that no basis existed for an action in mandamus. Because Resolution No. 1656, attached to Baravordeh's complaint, specifically provides that any member of the public may request the right to review and inspect public documents, that the Borough shall make those requested documents available within five days of such request, and that, only if copies are requested, they shall be at a cost of $.25 per page, Council contended in its preliminary objections that Baravordeh's complaint was contradicted by the Resolution itself. Moreover, Council alleged that Baravordeh's appeal from any denial of a right granted by the Act is set forth by Section 4 of the Act, 65 P.S. § 66.4, as a statutory appeal to this Court. In addition, Council requested counsel fees pursuant to 42 Pa.C.S. § 2503(7) and (9), alleging that Baravordeh's action in merely refiling his initial, meritless complaint was arbitrary, vexatious and intended solely to harass Council.

The trial court granted the preliminary objections and dismissed Baravordeh's amended complaint because it failed to set forth a cause of action cognizable in mandamus. The trial court also denied Council's request for counsel fees. This appeal followed.[6]

Baravordeh contends that the trial court improperly granted Council's preliminary objections based on a "speaking" demurrer because the trial court did not accept as "true" that he could only have access to the public documents for a charge. While it is true that in considering a demurrer to preliminary objections, all well-pleaded allegations must be accepted as true, *Potter v. Springfield Township, supra,* a court is not bound to accept as true any averments in a complaint which are in conflict with exhibits attached to it. *Jenkins v. County of Schuylkill,* 441 Pa. Superior Ct. 642, 658 A.2d 380 (1995), *petition for allowance of appeal denied,* 542 Pa. 647, 666 A.2d 1056 (1995); *Smith v. Exxon Corporation,* 436 Pa. Superior Ct. 221, 647 A.2d 577 (1994), *petition for allowance of appeal denied,* 543 Pa. 716, 672 A.2d 309 (1996). Even though Baravordeh's amended complaint alleges that Council, by the adoption of Resolution No. 1656, violated the Right–to–Know Act by only permitting access to its public records by copies made at a charge,[7] the Resolution, on its face, states otherwise. It specifically provides in part that "[a]ny member of the public may request the right to *review and inspect* specific public documents", and that when "copies of specific documents" are requested, they shall be provided at a cost of $.25 per page. (See (1) and (3) of Resolution No. 1656).

He also alleges that the Resolution violates the Right–to–Know Act because the

---

5. Baravordeh also requested that:
   the Court enter judgment against [Council], jointly and severally, for reasonable costs (including attorney fees) and damages sufficient to return the illegally charged money to [him] (the illegally charged money is expected to be less than the compulsory arbitration threshold, costs and fees are not yet subject to reasonable quantification.)

6. Our scope of review of a challenge to the trial court's sustaining of preliminary objections in the nature of a demurrer is whether, on the facts averred, the law states with certainty that no

recovery is possible. *Potter v. Springfield Township,* 681 A.2d 241 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 547 Pa. 760, 692 A.2d 568 (1997).

7. If, as Baravordeh alleges, the Borough had only granted access to public records by copies provided at a charge, that action would constitute a violation of the Right–to–Know Act as set forth in *Dooley v. Luzerne County Board of Assessment Appeals,* 168 Pa.Cmwlth. 242, 649 A.2d 728 (1994).

requests for public documents need not be fulfilled immediately and because it provides that charges attach to copies made. Ignoring whether mandamus is even available, which we doubt, to challenge an ordinance or resolution implemented pursuant to the Right–to–Know Act, the Right–to–Know Law specifically allows agencies such as the Borough a reasonable time to respond to requests for public documents[8] and provides for copies to be made at a reasonable charge.[9] Because neither the time limits nor the applicable charges are unreasonable, Resolution No. 1656 in no way violates the Right–to–Know Act.

■ Finally, Baravordeh contends that the trial court should have given him the opportunity to amend his amended complaint to conform to the procedural rules. Not only has the trial court already given Baravordeh one chance to amend his complaint, after which he submitted a complaint with most of the same allegations and exactly the same requested order, a court is not required to allow an amendment of a pleading if the party will be unable to state a claim on which relief could be granted. Pa. R.C.P. No. 1033; *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996). Because, as we have already stated, Resolution No. 1656 does not violate or conflict with the provisions of the Right–to–Know Act, even if Baravordeh would have had a second opportunity to amend his complaint, that complaint still would not set forth a cognizable cause of action under the Right–to–Know Act so that the trial court committed no error in failing to allow him further leave to amend.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 8th day of August, 1997, the order of the Court of Common Pleas of Delaware County dated December 2, 1996, is affirmed.

---

8. Section 2 of the Right–to–Know Act provides: Every public record of an agency shall, *at reasonable times,* be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania. (Emphasis added). 65 P.S. § 66.2.

9. Section 3 of the Right–to–Know Act provides: Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof of his authorized deputy. *The lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats.* (Emphasis added). 65 P.S. § 66.3.