Judy **KNOPSNIDER**, Appellant,

v.

**DERRY TOWNSHIP BOARD OF SUPERVISORS and Eugene Matteo.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1999.
Decided Feb. 25, 1999.

**246**

William J. Wiker, Greensburg, for appellant.

John F. Cambest, Pittsburgh, for appellees.

Before PELLEGRINI, J., FLAHERTY, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Judy Knopsnider (Knopsnider) appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) dismissing her appeal and sustaining the preliminary objections filed by the Derry Township Board of Supervisors and Eugene Matteo, one of the Board's supervisors (collectively, the Board).

On October 29, 1997, Knopsnider filed an appeal with the trial court against the Board pursuant to the Right–to–Know Act.[1] In her appeal, she alleged the following:

4. The Defendants refuse to permit the Plaintiff to examine the public records of the Defendant Township at reasonable times in contravention of its own resolutions and legislative enactments in that the public records of the Defendant are not open for the Plaintiff for examination at reasonable times.

5. The Plaintiff has repeatedly requested that she be permitted to examine and review various public records, specifically accounts, vouchers, accounts containing or dealing with receipts or disbursements of funds by the township and its acquisitions, use or disposal of services or of supplies, materials, equipment or other property.

6. While the Pennsylvania Right to Know Act, 65 P.S. 66.2 et seq., provides that the public records of the agency shall be open

for examination and Resolution 380–97 of the Board of Supervisors of Derry Township states that "Public records of Derry Township shall be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania during normal hours," the Defendants will not provide said access to the public records to the Plaintiff during normal hours and has denied the Plaintiff such access.

Knopsnider then requested the trial court to enter an order requiring the Board to disclose the records she had requested to review and/or copy.

The Board filed preliminary objections in response to Knopsnider's appeal arguing that it was unable to defend against her appeal because:

- it failed to allege any specifics as required by the Pennsylvania Rules of Civil Procedure;
- it failed to set forth specifically any information regarding the alleged denial of information; and
- it failed to set forth in the requisite specificity what public records she sought or for what time periods.

Knopsnider did not amend her appeal but instead filed a brief in opposition to the Board's preliminary objections arguing that the Pennsylvania Rules of Civil Procedure did not apply to cases under the Right–to–Know Act. She also argued that her appeal was specific because she had previously set forth in a letter to the Board the precise records she sought to inspect. Additionally, the Board had sent her three letters indicating dates and times that were acceptable for her to view the documents. The trial court sustained the Board's preliminary objections and dismissed Knopsnider's appeal pursuant to Pa. R.C.P. No. 1028(a)(3) for lack of specificity,[2] noting that Knopsnider had the opportunity to amend her appeal from the time of her original filing in October 1997 until the scheduled argument in May 1998, but chose

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4. The Right–to–Know Act provides for the examination, inspection and copying of every public record by any citizen of the Commonwealth.

2. Pa. R.C.P. No. 1028(a)(3) provides:
(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
(3) insufficient specificity in a pleading.

not to do so.[3] This appeal by Knopsnider followed.

■ On appeal, Knopsnider argues that the trial court erred in dismissing her appeal based on Pa. R.C.P. No. 1028 because the rules of civil procedure do not apply to a statutory appeal involving the Right–to–Know Act. We agree. The rules of civil procedure only apply to actions brought by a praecipe for a writ of summons or a complaint. *See* Pa. R.C.P. Nos. 1001; 1007. Because a Right–to–Know Act cause of action is begun by the filing of a notice of appeal, we have previously held that the rules of civil procedure do not apply to matters under the Right–to–Know Act. *See Morning Call, Inc. v. Lower Saucon Township,* 156 Pa.Cmwlth. 397, 627 A.2d 297, n. 8 (1993); *Shultz v. Board of Supervisors of Jackson Township,* 95 Pa.Cmwlth. 550, 505 A.2d 1127 (1986). Because the rules of civil procedure do not apply, the Board cannot challenge the filing of Knopsnider's appeal by filing preliminary objections pursuant to Pa. R.C.P. No. 1017.

■ Even though the civil rules of procedure do not apply, we could still affirm the trial court's order if Knopsnider's notice of appeal was not properly perfected. We have been unable to ascertain what is specifically required to be pled in a statutory appeal, if anything. However, because an action challenging a local agency decision is captioned a "notice of appeal," fact pleading is not required; but at the very most, all that an appellant must plead is that an appeal is being taken and the reasons for the appeal in order to put the governmental entity on notice of why the appeal is being taken.

In this case, Knopsnider's appeal did not involve the Board's refusal to allow her to examine public records but involved the Board's refusal to allow her to examine its records in a reasonable time and manner.[4]

Specifically, paragraph 4 of her appeal provided the following:

4. The Defendants *refuse to permit the Plaintiff to examine the public records of the Defendant Township at reasonable times* in contravention of its own resolutions and legislative enactments in that the public records of the Defendant *are not open for the Plaintiff for examination at reasonable times.* (Emphasis added.)

Additionally, paragraph 6 of her appeal provides:

6. While the Pennsylvania Right to Know Act, 65 P.S. 66.2 et seq., provides that the public records of the agency shall be open for examination and Resolution 380–97 of the Board of Supervisors of Derry Township states that "Public records of Derry Township shall be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania during normal hours," *the Defendants will not provide said access to the public records to the Plaintiff during normal hours and has denied the Plaintiff such access.* (Emphasis added.)

■ Because those paragraphs of Knopsnider's appeal put the Board on notice that she was appealing the reasonableness of the time and manner in which she had been permitted to review the Board's documents, the Board had sufficient notice as to what was at issue in this case. Accordingly, the decision of the trial court is vacated and the case remanded for a determination on that issue.

### ORDER

AND NOW, this 25th day of February, 1999, the order of the Court of Common Pleas of Westmoreland County dated May

---

3. Although arguments were scheduled for January 30, 1998, both sides indicated that they had reached some agreement to conclude the matter but needed time to implement the same. The trial court continued the case to the May argument list. Because the trial court had not received any indication from the parties that the matter had been settled by May 29, 1998, the date scheduled for arguments, it concluded that the Board's preliminary objections to Knopsnider's appeal were still viable and issued an order sustaining the preliminary objections and dismissing the appeal.

4. We note that the Board at oral argument conceded that there was no dispute regarding which documents Knopsnider requested to review.

29, 1998, is vacated and the case remanded for a determination on the merits.

Jurisdiction relinquished.