Elliott B. WEISS, Appellant,

v.

WILLIAMSPORT AREA SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2005.
Decided April 19, 2005.

Elliott B. Weiss, Williamsport, appellant, pro se.

Fred A. Holland, Williamsport, for appellee.

BEFORE: FRIEDMAN, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Elliott B. Weiss (Weiss) appeals from three orders of the Court of Common Pleas of Lycoming County (trial court). The first order sustained the preliminary objections of the Williamsport Area School District (School District) and dismissed Count I of Weiss' complaint; and the second order found Count II of Weiss' complaint 'absurd' and dismissed Count II of Weiss' complaint. The third order directed a transcript be made of the non-jury trial and directed the record be transmitted to the Superior Court. We affirm the first decision regarding Count I on other grounds and also affirm the second decision regarding Count II.[1]

On September 25, 2003, Weiss requested certain documents from the School District under the Act commonly known as the Right to Know Act (Act), Act of June 21, 1957, P.L. 390, *as amended* 65 P.S. §§ 66.1–66.9. The School District provided some of the documents and denied Weiss' request for a letter to the School District Superintendent and the Superintendent's response. The District maintained that the letters were not public documents required to be produced under the Act. The School District charged Weiss twenty-five cents per page to copy the documents that were provided.

On October 28, 2003, Weiss filed a petition for review with the trial court claiming in Count I that the documents he was denied were public records under the Act. Weiss further claimed in Count II that the copying charges imposed were excessive and exceeded the prevailing fee for comparable duplication services charged by local business entities.

On November 18, 2003, the School District filed preliminary objections in the nature of a demurrer to Count I of the petition for review. On April 5, 2004, after a hearing and in camera review of the letters requested on Count I, the trial court sustained the preliminary objections and Count I of the petition was dismissed.

On April 13, 2004, an amended petition for review was filed that was substantially the same as the original petition for review. On May 7, 2004, the trial court entered an order authorizing the filing of a further amended petition within twenty days and required Weiss to advise the trial

---

1. The third order does not affect Weiss in any manner as it merely orders a transcript and transmission of the record to the Superior Court. Therefore, we need not address this order in our opinion.

court and counsel how Count I of the amended petition differed from Count I of the original petition. The May 7, 2004 order did not strike the amended petition for review. On June 22, 2004, the trial court ordered a hearing on August 11, 2004. On July 11, 2004, as no further amended petition was filed, the School District filed preliminary objections to the amended petition for review asking that it be stricken.

On August 11, 2004, the trial court heard arguments regarding the preliminary objections to the amended petition for review and ordered that the amended petition was not permissible. The trial court further heard arguments regarding Count II of the original complaint, after which, the trial court held that the twenty-five cents per page fee was reasonable and dismissed Count II.

On September 27, 2004, the trial court issued another order which directed the court reporter to transcribe the non-jury trial upon pre-payment of all costs and directed the prothonotary to transmit the record to the Superior Court without waiting for the transcript. Weiss appealed all three decisions to our Court.

Weiss contends that the trial court erred in applying the wrong legal standards in its determination to dismiss the petition for review, in its determination that the documents sought were not public documents and in determining that the costs charged to Weiss were appropriate under the Act.

■ The School District filed preliminary objections to Count I of Weiss' petition under Pa.R.C.P. No. 1028(a)(4) which provides that: "preliminary objections may be filed by any party to any pleading and are limited to the following grounds ... legal insufficiency of a pleading (demurrer)."

In *Knopsnider v. Derry Township Board of Supervisors and Eugene Matteo,* 725 A.2d 245 (Pa.Cmwlth.1999), our Court found that the trial court erred in granting preliminary objections in a statutory appeal involving the Act. We found in pertinent part as follows:

The rules of civil procedure only apply to actions brought by a praecipe for a writ of summons or a complaint. See Pa.R.C.P. Nos. 101; 1007. Because a Right–to–Know Act cause of action is begun by the filing of a notice of appeal, we have previously held that the rules of civil procedure do not apply to matters under the Right–to–Know Act. See *Morning Call, Inc. v. Lower Saucon Township,* 156 Pa.Cmwlth. 397, 627 A.2d 297, n. 8 (Pa.Cmwlth.1993); *Shultz v. Board of Supervisors of Jackson Township,* 95 Pa.Cmwlth. 550, 505 A.2d 1127 (Pa.Cmwlth.1986). Because the rules of civil procedure do not apply, the Board cannot challenge the filing of Knopsnider's appeal by filing preliminary objections pursuant to Pa. R.C.P. No. 1017.... However, because an action challenging a local agency decision is captioned a "notice of appeal," fact pleading is not required; but at the very most, all that an appellant must plead is that an appeal is being taken and the reasons for the appeal in order to put the governmental entity on notice of why the appeal is being taken.

*Id.* 725 A.2d at 247.

In the present controversy, Weiss filed a notice to defend with a petition for review divided into two Counts. Count I addressed the School District's failure to produce documents that it alleged are public records under the Act. Count II addressed the School District's failure to provide duplication services at a reasonable rate in accordance with the Act. The School District filed preliminary objections

to Count I of Weiss' petition. Although the rules of civil procedure do not apply to a statutory appeal involving the Act, the trial court's grant of the preliminary objections to Count I was harmless error. The trial court examined the documents requested in camera at the hearing on the preliminary objections and after such review found the documents were not public records under the Act. As the trial court did reach the merits of the case during the hearing, a remand for a hearing on the merits would be redundant. Therefore, in the interest of judicial economy, we affirm as to Count I.

■ Next, Weiss contends that the trial court erred in determining that the costs charged for copies by the School District were appropriate under the Act.[2] The Section 7 of the Act provides in pertinent part as follows:

> Fees for duplication by photocopying, printing from electronic media or microfilm, copying onto electronic media, transmission by facsimile or other electronic means and other means of duplication must be reasonable and based on prevailing fees for comparable duplication services provided by local business entities.
>
> . . .
>
> Except as otherwise provided by statute, no other fees may be imposed unless the agency necessarily incurs costs for complying with the request, and such fees must be reasonable. No fee may be imposed for an agency's review of a record to determine whether the record is a public record subject to access in accordance with this act.

65 P.S. § 66.7(b) and (g).

Weiss presented evidence of fees for duplication services provided by Mailbox-

es, Etc., the Print Shoppe, Staples and Yoas. The School District presented evidence of fees for duplication services provided by Lycoming County, Lycoming College, the Pennsylvania College of Technology, and Northwest Savings Bank. Weiss argued that the School District's examples were colleges, counties and government entities and not examples of local business entities. Weiss presented local businesses that provide duplication services for the public's use. However, the businesses did not have to retrieve any of the documents copied. The trial court found that the School District provided more accurately comparable businesses, in that a school is more similar to a county or government office or college than a business supply-type store.

The trial court was correct in determining that a college, and a county or government office may be considered a local business for the purposes of the Act. There is nothing in the Act that precludes them from consideration. The School District did not impose any charge for retrieval of the documents. It merely imposed a twenty-five cent per page flat fee charge, which had been the charge designated by the School District for all copies made previously under the Act. Our Court has found that twenty-five cents a page is a reasonable charge. *See Baravordeh v. Borough Council of Prospect Park*, 699 A.2d 789 (Pa.Cmwlth.1997) and *York Newspapers, Inc. v. City of York*, 826 A.2d 41 (Pa.Cmwlth.2003). Thus, the trial court was correct in finding that the twenty-five cent fee was reasonable.

Accordingly, we affirm the trial court's first decision regarding Count I of Weiss' complaint on other grounds and also affirm

---

**2.** Our review of a question of law as to the propriety of a fee charged by a school district under the Act is plenary. *Smith v. Manson*, 806 A.2d 518 (Pa.Cmwlth.2002).

the trial court's second decision regarding Count II of Weiss' complaint.

## ORDER

AND NOW, this 19th day of April, 2005 the order of the Court of Common Pleas of Lycoming County (trial court) which sustained the preliminary objections of the Williamsport Area School District and dismissed Count I of Elliott B. Weiss' complaint is affirmed on other grounds; and the order of the trial court which dismissed Count II of Weiss' complaint is also affirmed.